FILED 11/3/2025 NF
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED OCT 30 2025 mm
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Antwon Walls )
)
v. )
)
Credit One Bank )

1:25-cv-13280
Judge Joan B. Gottschall
Magistrate Jeffrey T. Gilbert
RANDOM / Cat. 2

## NATURE OF ACTION

This action arises under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii) for Defendant's repeated, unauthorized, unsolicited and automated calls to Plaintiff's cellular phone without prior express consent. Defendant's calls were repeatedly sent using an automated telephone dialing system ("ATDS") and/or other technology capable of dialing stored telephone numbers in an effort to reach another individual. Defendant's repeated conduct over several months constitutes willful and knowing violations of the TCPA. Each call intruded upon Plaintiff's privacy, constituted nuisance, and interfered with Plaintiff's use and enjoyment of his cellular phone—harms that Congress expressly intended to prevent under the TCPA. See *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (holding that even one a single unsolicited call to a cellular phone causes a concrete injury because it invades privacy and disturbs seclusion—the very interests the TCPA was enacted to protect).

## JURISDICTION AND VENUE

This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the TCPA, a federal statute. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred within this District.

## PARTIES

Plaintiff Antwon Walls is a resident of 819 S Miller St #B, Chicago, IL 60607, and defendant Credit One Bank is a business entity operating at 6801 S. Cimarron Rd, Las Vegas, NV, 89113. Defendant uses ATDS and/or other capable technology to place repeated unsolicited calls to consumers' cellular phones.

## BACKGROUND

Beginning on February 5, 2025, and continuing through July 23, 2025, Defendant repeatedly and willfully made intrusive, unsolicited calls to Plaintiff's cellular phone without prior express consent.

Each call intruded upon Plaintiff's privacy, disrupted the use and enjoyment of his cellular phone, and caused annoyance, aggravation, and nuisance. Calls were placed using local area codes despite Defendant being located elsewhere, demonstrating deliberate tactics to increase the likelihood of the calls being answered. The calls were delivered using an automated system and/or other device capable of repeatedly dialing stored numbers, further demonstrating willful and knowing disregard for the TCPA. Plaintiff has never provided information to Defendant or consented to receive calls or messages from them, nor had any prior dealings or relationship with them. Defendant's calls were made without Plaintiff's prior express consent and were directed to Plaintiff's cellular phone, which qualifies as a "telephone number assigned to a cellular telephone service" under 47 U.S.C. §227(b)(1)(A)(iii).

In total, Plaintiff received 137 unsolicited calls, each violating 47 U.S.C. §227(b)(1)(A)(iii), with statutory damages of $1,500 per violation for willful and knowing violations, totaling $205,500.

## STATEMENT OF HARM AND STANDING

Plaintiff has suffered concrete and particularized injuries as a result of Defendant's conduct. Each unsolicited call intruded upon Plaintiff's privacy, disrupted the use and enjoyment of his cellular phone, and caused annoyance, aggravation, and nuisance. The repetition of these actions forced Plaintiff to expend time and attention addressing communications not intended for him. These harms are recognized under common law *(Restatement (Second) of Torts § 652B)* and TCPA jurisprudence. See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020)). Even a single unwanted call or message satisfies Article III's injury-in-fact requirement. See *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (holding that receiving even one unsolicited call constitutes a concrete injury because it invades privacy and disturbs seclusion). Defendant's continued use of local area codes, automated systems, and/or other devices to send unsolicited communications further demonstrates willfulness and knowledge of its statutory obligations.

## **LEGAL FRAMEWORK AND AUTHORITIES**

I. Under 47 U.S.C. §227(b)(1)(A)(iii), the TCPA prohibits the use of an ATDS to call or send text messages to a cellular phone without prior express consent. Court have consistently held that even text messages delivered by such systems count as "calls."

II. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), clarified that TCPA prohibitions apply regardless of whether the called party is charged for the call

III. Congress has granted the FCC discretion to exempt such calls only by rulemaking under § 227(b)(2)(C)—which it has not done.

IV. The ATDS definition is broad. *Marks v. Crunch San Diego,* 904 F.3d 1041 (9th Cir. 2018), held that an ATDS includes equipment that can automatically dial stored numbers,

    even if it does not use a random or sequential number generator or randomly dial numbers.

**V.** The Seventh Circuit has recognized that unwanted calls and text messages invade privacy and cause nuisance, both of which qualify as concrete harm under Article III. See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020).

**VI.** Common law has long recognized actions for invasion of privacy through intrusion upon seclusion, including repeated unwanted telephone calls. See *Restatement (Second) of Torts § 652B (Am. Law Inst. 1977)*; see also *Carey v. Statewide Fin. Co.*, 223 A.2d 405 (Conn. Cir. Ct. 1966); see also *Housh v. Peth*, 133 N.E.2d 340 (Ohio 1956).

**VII.** Defendant's conduct falls squarely within these principles, as the repeated misdirected calls to Plaintiff's personal cellular phone intruded upon his seclusion and disrupted his peace of mind.

## WILLFULNESS AND KNOWLEDGE

Defendant's repeated calls reflect deliberate use of automated systems. Defendant persisted in contacting Plaintiff over several months, despite clear, repeated lack of consent. The intentional nature of these calls and the ongoing contact constitutes willful and knowing violations of the TCPA under 47 U.S.C. §227(b)(iii), justifying treble damages of $1,500 per call.

## CLAIM FOR RELIEF

Each unsolicited call constitutes a separate violation. Plaintiff seeks statutory damages of $500 per each violation of the TCPA, trebled to $1,500 for each willful and knowing violation pursuant to 47 U.S.C. §227(b)(iii). Total statutory damages claimed: $205,500 (137 * $1,500). Plaintiff further seeks injunctive relief prohibiting Defendant from placing additional calls or messages to his cellular number.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award $205,500 in total statutory damages for each violation of the TCPA, which includes treble damages for willful and knowing misconduct;

b. Grant injunctive relief prohibiting further unsolicited calls to Plaintiff's cellular number;

c. Award costs any other relief this Court deems just and proper.

Respectfully submitted,
Antwon Walls
819 S Miller St #B
Chicago, IL 60607
Plaintiff, Pro Se